No. 24,420.

D. L. Noon, *Appellee*, v. L. C. Withington, *Appellant*.

SYLLABUS BY THE COURT.

Promissory Note — *Verdict and Findings — Plaintiff Holder in Due Course.*
In an action upon a promissory note by one claiming to be a holder in due
course, a general verdict for plaintiff and a special finding that plaintiff pur-
chased the note in good faith, for value, before maturity, without actual
knowledge or notice that the note had been obtained by fraud, will not be
set aside when they are sustained by ample evidence.

Appeal from Phillips district court; Willard Simmons, judge. Opinion filed
April 7, 1923. Affirmed.

*W. L. Sayers,* and *J. S. Parker,* both of Hill City, for the appellant.
*T. M. Sullivan,* of Logan, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action on a promissory note. The jury
answered special questions and returned a general verdict for plain-
tiff, upon which judgment was rendered. The defendant appeals
from an order overruling a motion for a new trial and assigns that
ruling as error.

The note was signed by defendant and payable by its terms to the
First National Bank of Logan, Kan. It was delivered to R. C.
Hutchinson in payment of stock in an oil company, and by Hutch-
inson sold to the bank. The evidence did not show that the bank
officials knew anything about the oil company nor that they had
authorized Hutchinson or his associates to take notes payable to the
bank. At the time the bank bought the note no indorsement was
made upon it as none was necessary. Appellant contends that since
the note was not indorsed at the time it was purchased by the bank,
the bank could not be a holder in due course. This question need
not be decided for it is not material. The bank is not a party to this
action. The plaintiff bought the note from the bank, and at the
time he purchased it the note was indorsed by a proper official of
the bank and delivered to plaintiff at that time, and it was thereby
negotiated to plaintiff within the meaning of section 6557 of the
General Statutes of 1915.

The defense was fraudulent representations of Hutchinson which

induced defendant to sign the note, and that plaintiff had knowledge of that fraud, failure of consideration, and a denial that plaintiff was a holder in due course. In answer to special questions the jury found that the note was obtained from the defendant by the false and fraudulent representations of Hutchinson and other persons named, and also found that the plaintiff purchased the note in good faith, for value, before maturity, without actual knowledge or notice that the note had been obtained by fraud. This is a finding that the plaintiff is a holder in due course within the meaning of sections 6579 and 6583 of the General Statutes of 1915. As such holder he is entitled to recover the amount of the note from the maker. (Gen. Stat. 1915, § 6584.)

So far as the form of the note in concerned, it is a negotiable instrument. (*Bank v. Dickinson*, 102 Kan. 564, 171 Pac. 636.)

The judgment of the court below is affirmed.

DAWSON, J., not sitting.